Next case is number 23, 1577, Pettit v. McDonough. Okay, Mr. Carpenter. Is your client's name Pettit or Petite? Petite. Petite, okay. May it please the court, Kenneth Carpenter appearing on behalf of Florence Petite. The first matter that I will address is the question of this court's jurisdiction. We believe that the Veterans Court made an error of law and that that is within this court's jurisdiction to determine whether or not the determination that the administrative position of the board was substantially justified was made in accordance with law. When it's here, the record before the Veterans Court does not support that substantial justification determination that there was a reasonable basis in law and fact for such a determination. In this case, there simply was not. There was neither a factual basis or a legal basis. We believe that the decision below, excuse me, we believe that the board's decision below denied Ms. Petite's continuing Champ VA benefits on the basis that she turned 18 and that she was not in an approved full-time course of education. I understand what you're saying. You don't dispute that the government's position before the Veterans Court was substantially justified. Correct. Your position is that their position before the board was not substantially justified. That's correct. Okay, but I guess there seems to me to be a problem with that argument. First of all, you or whoever was representing Petite at that time didn't make the argument about the statute that was made later before the Veterans Court. So the government didn't respond to that at that point but relied solely on regulation. And the cases, Blakely and others, seem to suggest that the government can't be faulted for lack of substantial justification for failing to respond to an argument that wasn't made. Just to clarify, Ms. Petite appealed per se and I was asked by the pro bono consortium to represent her in the briefing. So I did the briefing and I focused the briefing on the fact that the board relied upon the age between 18 and 23, that as soon as she turned 18 that that was a bar to continuation of benefits. But the statute, the argument on which you prevailed ultimately before the Veterans Court, wasn't made before to the board, right? No, it was, Your Honor. There was only one statute involved and three regulations. And those were the statutes and regulations that were relied upon by the board. And neither the statute nor the regulations make any reference to a circumstance in which merely turning 18 and not pursuing a full course of study constitutes a basis to terminate ongoing educational benefits. Could you show me where you argued the statutory position to the board? Before the Veterans Court? No, the board. Before the board? Yeah. I'm sorry, before the board, Your Honor, she was per se. Okay. It was only later that you became involved. Okay, so there was no argument before the board about the statutory issue. No. So I come back to my question about the... I was in the wrong. Yeah, I understand. I come back to my question about Blakely and, you know, how could the government be faulted for not responding to an argument that wasn't made? Well, the board cites in its decision, at page 79, that in response to the discontinuance of CHAMP VA benefits, the appellant has not argued that she was pursuing an approved course of full-time education or training or that she became personally incapable of self-support prior to age 18 and cites the regulation. Right. And that was the regulation that was relied upon and that regulation does not contain either of those two requirements. That regulation specifically refers to the right to these benefits between age 18 and 23 without any requirement for full-time enrollment in an educational process. So this pro se appellant filed a pro se appeal to the Veterans Court. This young lady then was agreed to accept the consortium's appointment of counsel and I raised the TRICARE issue of the entitlement to benefits through that entire period. So if I understand what you're saying now, is that the government's argument in reliance on the regulation wasn't substantially justified. That's correct, Your Honor. And that the regulation is part of the citation to the government's decision in this case, which appears in the record between pages 76, appendix 76 and 79. And that board decision is not supported by the conclusion that the regulations or the statutes compel the termination of benefits. Okay, suppose you got me on all this. I'm with you. Show me the legal error in what the Veterans Court did. What the legal error was is that the Veterans Court painted with a broad brush and simply said that both the administrative level position and the position before the court were based upon a reasonable basis in fact and the law. And that was wrong. And that was wrong. But why is that a legal mistake? Why isn't that just their incorrect interpretation of the record? In the context of EJIA, it is the determination by the lower court to deny Ms. Petit the benefit of EJIA for litigation that she had to bring because of that legal error and a finding that the government was relieved from responsibility for paying those EJIA fees because there was a reasonable basis in fact and law for the board's decision. And there simply was not. There is no step. The concern I think we're having here is that I think we've held that that's a question, application of law to fact, that we don't have jurisdiction over. Am I wrong? You know, whether the government had a reasonable basis for its position. I'm sorry. Is it your understanding or your reading of the Veterans Court decision on the substantial justification determination? Well, I'm asking generally outside of this particular case. Your argument is that the Veterans Court made an error by not separately analyzing the arguments made before the board, which is a misapplication of the EJIA standard, not a law to fact issue. Well, since that requirement is that yes. I understand I'm supposed to say yes, Your Honor. I do not believe the answer is yes. And the reason that I do not believe that the answer is yes is because that specific language does not appear in the EJIA statute. That language of consideration of both comes from the case law. That is a rule of law that has been created by this court and others that in order to find substantial justification as an exemption from liability under EJIA, there must be a determination at both levels. So the Veterans Court said in its opinion, we understand the law is that we have to consider the justification at the administrative and litigation position level. We have done so. Here is our summary of those positions, and they summarize the positions as though they were the same, to follow your theory, which I appreciate. That would be incorrect with respect to the administrative justification, but isn't the Veterans Court's interpretation of the record on what the justification was at the administrative level a question of fact? If this panel determines that it is a question of fact, then I lose. There is no question about that. That would be the yes answer that you were looking for. Don't cases like Stilwell v. Brown hold that this is a question of application of law of fact? Yes, but we have a whole series of other cases that this court has exercised jurisdiction when this court determined that in fact it was a question of law. And I submit to this court that when we're dealing with an appeal of a veterans case by a pro se veteran who then appeals to the Veterans Court, is forced to litigate an issue that she prevailed on. There's no argument about she prevailed. The question is only, was there a substantial justification at both levels? I concede there was at the... How can she... Sorry. Let's suppose the government's position before the board is not substantially justified. Just hypothetically, let's assume that. There were no legal fees incurred in connection with the board proceedings since she was pro se. And under the Supreme Court's decision in K, you can't get legal fees for proceeding pro se. That's correct. But the court invited the consortium to find a lawyer that would be willing to do the work pro se. They found a willing victim, and I proceeded. And as such, I became Ms. Petit's attorney, and that attorney is entitled to be... Well, except that all those fees were incurred in connection with the Veterans Court proceeding, as to which you agree the government's position was substantially justified. That's correct, Your Honor. But the legal standard that has been created in the case law is that there must be substantial justification at both. And I believe that that is an error of law when the court doesn't examine the record below, and the record below has no factual or legal basis to support the conclusion that there was substantial justification in denying Ms. Petit. You're saying it should never have been necessary for the consortium to bring you in and do what you did at the Veterans Court? Yes. Thank you very much, Your Honor. Okay. Ms. Geddes? Good morning, Your Honor. May it please the Court. I'd just like to emphasize two points, essentially. As far as the jurisdiction of this court, we talk about questions of law as a sort of shorthand, but what we actually need is either a question of the validity of some provision of law or interpretation of some provision of law. And the Veterans Court, I think plaintiffs admitted in their brief that the legal standard as stated by the Veterans Court was correct. Yeah, but the problem is what they didn't do, and what the claim of error of law is, that they didn't analyze the government's position before the board separately. And the argument is that the cases require that. Yes, but the Veterans Court did. First of all, as this court has already acknowledged, the Veterans Court explicitly said multiple times that the position needed to be justified at the administrative level and before the Veterans Court. Okay, but they didn't analyze the position before the board. But they did because the position was the same before the boards and the Veterans Court. That's what they said. But is that true? Yes. Okay, where in the record can I find what the board's justification or position was? Where can I find that? As far as the board's position, there's a distinction between its justification and its position. I don't think there's any dispute that the position here was that a child, for the purposes of this statute, was either someone under the age of 18. Right, but why did the board have that impression? That there was a requirement that you be in full-time education? Why did the board think that? Well, the board didn't go into the same detailed analysis the Veterans Court did because at that point, it was totally under regulation, right? Yes. Is that in the record? Could we look at it? I'll give you a hint. The best I could do when I was trying to follow it through was on Appendix 77. And I tried to follow it down, the reasoning, and they cite the regulation. But then in the very last paragraph says, for CHAMPVA purposes, pursuit of course of education must be full-time, and then it cites a policy manual that I don't have in the record and I couldn't find, and I don't know what it is. Yes. It doesn't make much sense to expect the board to provide a more detailed explanation here because at this point, Ms. Petit had never even said that she's entitled because she's a part-time student. As far as the board... It sounds like you're agreeing with me that it's unjustified. I'm sorry, I'm not sure I understand. That the board didn't justify why... There's nothing in the record telling me why the board thought that Ms. Petit had to be in on a full-time basis. There's nothing telling me why the board thought that. No, the board didn't get into that question because Ms. Petit had not raised it. Ms. Petit said that terminating benefits at age 18 for non-students and age 23 for students was unfair and outdated because it didn't track with other laws such as the Affordable Care Act. When she initially challenged the termination of her benefits, she didn't even mention to anyone that she was a part-time student. She certainly didn't make any argument before the board that as a part-time student she should be entitled. She had received multiple notices that her benefits were going to terminate unless she showed that she was a student enrolled in a full-time course of study and she chose not to do so. And she didn't make any argument. It was before the Veterans Court that the argument that she as a part-time student was eligible under the statute was made for the very first time. And that's the first time the government responded to that argument. But I think it's a little harsh for the government to take the position that even though you acknowledge that the board decision was unexplained and unjustified, that there's not going to be a fee award here for no reason other than the pro se veteran, I don't know, didn't know how to argue this statutory interpretation issue. Well, first of all, the board decision was fully explained and justified. I thought you just told me it wasn't. So now we're going back to that. It did not justify an issue that Ms. Petit had not challenged. Okay, but that was the dispositive issue. Not before the board. It was before the Veterans Court. Okay. I'm sorry. But that was the dispositive issue, right? That's the one that ended up mattering and that's the one the board didn't explain why it was wrong. It never gave any justification for why it thought that Ms. Petit had to be full-time enrolled. It wasn't the dispositive issue at that stage because, I mean, anything could have been the dispositive issue, whether she was, in fact, turning 18, whether she was, in fact, a student of any kind, whether her father was, in fact, a veteran. Anything could have been dispositive, and nobody knew that she was challenging the student aspect of it. She had not said, I'm a student and I'm entitled to benefits. How could the board have been expected to follow that? And as for, you kind of alluded to the fairness of this, but EJA provides that if the government takes a substantially justified position, then a plaintiff is entitled to legal fees. So the question isn't whether Ms. Petit should have been expected to make better arguments pro se. Nobody is saying that she should have been, you know, as a pro se plaintiff, of course, she's not necessarily going to be making the same statutory arguments that her lawyer might. But the fact is this court may only award EJA fees according to the provisions of that statute. And in this case, the government's position, which was consistent throughout, was that a child must either be under the age of 18 or must be a full-time student. That position was the same throughout the course of proceedings. It was always substantially justified. And as soon as the question of why a student had to be enrolled full-time came up, the secretary provided a full explanation of where that policy came from that the veterans court found to be substantially justified. So substantial justification at the board level is to be determined by what the government could have argued but didn't argue? Well, the government's... the position that the government's taking should be substantially justified and the government should be able to provide reasons. But at the time... No, but try to answer my question. Is your position that substantial justification is to be determined by what the government could have argued rather than what it did argue before the board? No, because if Ms. Petit had raised these arguments and the government had withheld its justifications... Even though they had in their back pocket a decent argument isn't there to be judged by what they actually said? Yes, but in the context of what they were responding to. Again, they can't be... In that connection, why don't you cite the Blakeley case? You're probably not familiar with it, but it seems to support your position that you can't be faulted for failing to respond to an argument that wasn't made. It's 593, Fed 3rd, 1337. Yes, it sounds like we certainly should have cited that case. That's exactly the situation here. Substantial justification is determined by the government's position at the time based on the knowledge it had. And its position was that someone between the ages of 18 to 23 needed to be a fully enrolled student. It had a good justification for that, but that was not the issue that was in dispute at the board level. And as soon as it was in dispute, the government provided a full justification that the Veterans Court found satisfactory. And of course, that is a question that is beyond this court's jurisdiction. I hear you, but early in that sentence, you repeated again that the board had a good justification for believing that Ms. Petit had to be full-time enrolled. But she didn't, and you told me that before. It didn't explain the full-time versus part-time student. There was a good justification for that, but nobody had put it into issue, so the board had no reason to explain it. The board can't be expected to... Did that justification exist anywhere? Was it written down anywhere before the Veterans Court litigation? Are you telling me it was in some document somewhere? Just don't have it? Well, it was in their policy manual. The policy manual that was cited, but I have never seen. Correct. I'm not sure if the justifications were in writing. I don't believe they are in the record. As far as we're aware, nobody had challenged that in court before. And for the reasons that were made before the Veterans Court, in a provision of the same statute, it mentions that if someone who was a full-time student becomes disabled, they should still get their benefits. There were a lot of context clues that suggested that a student meant a full-time student. The Veterans Court saw that that wasn't included in the specific provision, and so they decided any sort of student is entitled to benefits. But given all of the things that the Veterans Court went through, the lack of legislative history, the fact that it was consistent with VA's past policies, the fact that it was consistent with other similar statutory schemes, and other provisions of the very same statute, it was substantially justified for the government to take this position. But we're getting pretty far into the territory of what is outside of this court's jurisdiction under Stilwell v. Brown and similar cases. I'm not really seeing that, because the argument is that the Veterans Court failed to analyze the positions that were taken before the board, and that was a legal error under the AJA statute. It wasn't an error of interpretation. It wasn't an error in considering the validity of any provision of law at best. It was an error in the application of law to fact. Wait, are you saying that if the Veterans Court wished to do so, they could simply state the requirement for reviewing the AJA request and then never analyze an administrative position again, just simply saying we're not going to do that, and then be protected by our lack of jurisdiction over that? If this were a case where the court really just stated one legal standard and then blatantly disregarded it, that would be different. But the fact that we're having this debate shows the Veterans Court was justified in thinking, in understanding the government's position throughout the administrative proceeding to be the same as the position it took before the Veterans Court. The Veterans Court had... How could it be? You've just said it wasn't the same. The position was always the same. The only difference was what specific arguments they made to respond to Ms. Petit's argument. So the positions changed because the arguments changed. So it can't be that the positions were the same. You've just said that the government didn't make that position that it made later, and the reason why is because the argument wasn't raised. So it doesn't make sense to say that they did raise it. I'm not following you, but are you suggesting... I mean, you have other reasons that you've explained, including the case that Judge Dyke cited. Maybe it's that the court below should have addressed those issues. I mean, I certainly think that this case can be resolved based on the fact that the government was not expected to respond to an argument that hadn't been raised. My only point with regard to the government's position, the position was always that a child had to be under 18 or had to be between 18 and 23 and enrolled in a full-time course of study. That was always the government's position until the Veterans' Court... On the dispositive issue. That's the position, the dispositive issue on which she won. That issue was raised for the first time for the Veterans' Court. So yes, the government did not take a position as to why full-time but not part-time students were eligible at the board state because that was not an issue. It responded to that the first time at the Veterans' Court. The Veterans' Court found that its position was fully justified. The government cannot easily... Without analysis of what happened before the board. Right, because before the board, that issue hadn't been raised yet. It analyzed the reasons... Well, they could have said that. They could have said that we have to consider what happened before the board. The government didn't make this argument, but it's better to do so is understandable because the argument wasn't raised. They didn't say that. That's the problem. They didn't say that. In this case, since the issue was never raised and analyzed by the board, I'm not sure why the Veterans' Court would be required to point that out when it's very clear from the record. But in any event, this is not a question of statutory interpretation. The Veterans' Court clearly knew that the position had to be substantially justified at the administrative level as well as before the Veterans' Court. It analyzed the reasons provided before the Veterans' Court because that was the first time that this issue was raised and the first time that the government could reasonably have been expected to provide its justification. I think taking issue with the way the Veterans' Court addressed this would be taking issue at best with its application of law to fact. There was no misinterpretation of a statute. And the government's re-arranging its application of law to fact. In this case, there's nothing in the Veterans' Court decision that could be understood to be statutory interpretation to take issue with. Certainly, plaintiff hasn't pointed out any kind of interpretation that's incorrect. They just argue that the court didn't analyze the administrative position the way it should have. But a quick look at the record makes clear why that's the case because at the administrative level, the error that Ms. Petit is claiming, the issue that she's claiming the government didn't have a substantial justification for hadn't been brought into issue yet. To find in favor of Ms. Petit here would be to find that the government has to respond, it has to defend every single aspect of a decision even that hasn't been challenged. And that wouldn't be practical. The Veterans' Court, it made a discretionary decision that the government's position was substantially justified. It provided good reasons for doing so. It stated the correct legal standard. And for those reasons, this court should dismiss for lack of jurisdiction or in the alternative, affirm the decision of the Veterans' Court. Okay, thank you. Thank you. Mr. Carpenter, you have a little over three minutes. I have to confess, I don't understand the government's argument about why the board wasn't required to explain its reasoning before the board. Congress has always treated the VA system as non-adversary. And so we have a pro se student coming to court asking why my benefits were terminated. And now she's told she can't recover under EJIP because she didn't raise the correct issue. But Congress imposed under 7104D a reasons or basis requirement for the board to explain its decisions. Now they can't explain under the shield of, but she never asked. She didn't present this argument. And the same holds true for why this court should not follow the Waverly decision because we are dealing with a non-adversarial system in which benefits were denied, they were taken away unlawfully. The Veterans' Court granted her appeal and the government's position below was not substantially justified under any factual basis or under any legal basis. 7104A requires the board to apply all applicable provisions of law and regulation. That would have meant that they had to apply 3.57, which does not require termination based upon having turned 18 and in fact expressly says you get the benefits between 18 and 23 and it does not say that you have to be in full-time enrollment. Therefore, they didn't apply the law that was applicable and gave no reasons or basis for why they didn't. The board's justification is not consistent throughout because there is no justification articulated in those four pages that constitute the board's decision. They recite the statute and they draw a conclusion that they are bound to follow the regulation. In a comment, if a different case where it was crystal clear that what happened at the board, the positions taken, the justifications were completely identical to what happened at the Veterans' Court, suppose that's the facts, then later in the EAGA analysis, the Veterans' Court says everything was exactly the same so we're not going to write two paragraphs repeating the same thing. That has to be okay. I would agree. So then the slippage between that situation and this situation is that as a matter of fact, that wasn't the case at the board. That's where I'm getting stuck on the jurisdictional issue that even if here the Veterans' Court made a blatant factual error, is there a special loophole for a blatant factual error in our jurisdiction? Well, but the basis articulated by the Veterans' Court was that there was a reasonable basis to essentially infer based upon other statutes and regulations that what it did was okay. I'm saying based upon the statutes, the single statute and the three regulations, this court cannot find within them any requirement for termination of benefits based upon having turned age 18 or any basis for terminating basis because you are not in a full-time program. I have found in the statute a subsection at 38 U.S.C. 1781C that does use the language of pursue the full-time course of instruction. However, that statute and the corresponding regulation that is cited and parroted exactly with what's in the statute applies to a very narrow circumstance where a person is between age 18 and 23 and has been following and is injured. That's the plain language of that. That's an exception where you add that additional requirement. That additional requirement is a... I didn't go out of time. Okay. I apologize. Thank you very much. Thank both counsel. The case is submitted.